RYBICKI & BLEVANS, LLP
Richard C. Rybicki  (CSB 160096)
Brandon R. Blevans  (CSB 197281)
Patrick B. Sutton (CSB 223186)
50 Old Courthouse Square, Suite 311
Santa Rosa, CA 95404
Telephone:  707.524.7000
Facsimile:   707.546.6800

WEINBERG, HOFFMAN, CASEY & ROPERS
Joseph Hoffman (CSB 114020)
679 Bridgeway
Sausalito, CA  94965
Telephone:  415.289.0243
Facsimile:   415.289.0240

LAW OFFICES OF DAVID M. SIMONINI
David M. Simonini (CSB 64615)
679 Bridgeway
Sausalito, CA  94965
Telephone:  415.289.0242
Facsimile:   415.289.0240

Attorneys for Plaintiffs BUGRA BAKAN and CANG NGUYEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUGRA BAKAN, an individual, and CANG NGUYEN, an individual, each on his own behalf and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>  vs.<br><br>CITIGROUP, INC., a Delaware Corporation; CITIBANK, F.S.B., a Savings Association, dba CITIBANK CALIFORNIA; CITIBANK (WEST), F.S.B., a Savings Association; CITICORP INVESTMENT SERVICES, a Delaware Corporation; and Does 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO.  C 03-04748 MMC<br><br>**[~~AMENDED PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, SETTING FAIRNESS HEARING AND APPOINTING SPECIAL MASTERS**<br><br>Date:   April 14, 2006<br>Time:   9:00 a.m.<br>Place:  Courtroom 7, 19th Floor<br>Judge:  Hon. Maxine M. Chesney |

**ORDER GRANTING PRELIMINARY CLASS CERTIFICATION**

**AND SETTLEMENT APPROVAL**

1. Plaintiffs' *Motion for Preliminary Class Certification and Settlement Approval* ("Motion") was heard by the Court on April 14, 2006 at 9:00 a.m. Having considered the *Settlement Agreement and Stipulation,* as amended by stipulation, its attached exhibits, the memorandum supporting the Motion, the declarations submitted in support of the Motion, the joinder of the Defendants, the arguments of counsel, and all other papers filed in this action, the Court finds as follows:

    a. The parties appearing in this action, through their counsel of record, have reached an agreement to settle the plaintiffs' claims upon the terms and conditions set forth in the *Settlement Agreement and Stipulation,* as amended by stipulation, filed herein.

    b. The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose, the proposed class meets the requirements for certification under Federal Rules of Civil Procedure, Rule 23. This finding shall have no effect should the settlement not receive final approval. In reaching its conclusion, the Court has conditionally found that: (i) the proposed class is ascertainable and so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the proposed class, (iii) the claims of proposed class representatives Bugra Bakan and Cang Nguyen are typical of the claims of the class, and (iv) proposed class representatives Bugra Bakan and Cang Nguyen will fairly and adequately protect the interests of the class.

    c. The Court has also conditionally found that (i) questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual members, (ii) class action is superior to other available methods for the fair and efficient adjudication

of the controversy, and (iii) counsel of record for the proposed class representatives are qualified to serve as counsel for the proposed class.

   d. The terms of the proposed *Settlement Agreement and Stipulation,* as amended by stipulation, are within the range of reasonableness and meet the requirements for preliminary approval.

   e. The manner of notice to class members contained in the proposed *Settlement Agreement and Stipulation*, as amended by stipulation, is the best notice practicable under the circumstances.

   f. The parties have consented to the appointment of the Hon. Daniel Weinstein (Ret.) and Catherine A. Yanni, Esq. as Special Masters under the terms set forth in the *Settlement Agreement and Stipulation,* as amended by stipulation, filed herein. Such appointment is not likely to impose unfair expenses upon either party or result in unreasonable expense or delay.

   g. Proposed Special Masters Hon. Daniel Weinstein (Ret.) and Catherine A. Yanni, Esq. have submitted affidavits disclosing no grounds for disqualification under 28 U.S.C. § 455.

  2. Based on the above findings, and good cause appearing, IT IS ORDERED THAT:

   a. The *Settlement Agreement and Stipulation* filed herein is preliminarily approved, as amended by stipulation, and Counts Three through Seven are provisionally certified with regard to the following class (the "Class"): all persons who were employed by Citibank as a "Client Financial Analyst" at any of Citibank's financial centers within the State of California during any portion of the period October 22, 1999 through March 31, 2003 (the "Class Members"). Except for

periods that such persons held the designated positions, the Class shall not include any person holding any other position not expressly included in the definition of the Class in this Agreement.

    b.  Bugra Bakan and Cang Nguyen are appointed as Representatives of the Class, and the following attorneys are appointed as Class Counsel: Rybicki & Blevans, LLP; Weinberg, Hoffman, Casey & Ropers; and David M. Simonini.

    c.  Notice of the proposed settlement and of Class Members' right to (i) object to the settlement or (ii) exclude themselves from the settlement shall be distributed in the form and manner provided in the *Settlement Agreement and Stipulation,* as amended by stipulation, filed herein.

    d.  Class Members who wish to submit a claim under the proposed settlement must complete and sign a Claim Form in the form and manner provided in the *Settlement Agreement and Stipulation,* as amended by stipulation, which shall be enclosed with the notice of proposed settlement. Claim Forms must be signed under penalty of perjury and returned to the Claims Administrator via U.S. Mail postmarked no later than August 14, 2006.

    e.  Class Members who do not wish to participate in the Settlement may exclude themselves by submitting a signed Request for Exclusion Form in the form and manner provided in the *Settlement Agreement and Stipulation,* as amended by stipulation, including an individual's name, Social Security number, address, and a statement indicating a desire not to participate in the Settlement. The Request for Exclusion Form must be signed and returned to the Claims Administrator via United States First Class Mail postmarked no later than August 14, 2006.

    f.  The Hon. Daniel Weinstein (Ret.) and Catherine A. Yanni, Esq. are appointed as Special Masters pursuant to Federal Rules of Civil Procedure, Rule 53(a). The Special Masters shall proceed with all reasonable diligence and shall have authority to exercise the duties set forth within the *Settlement Agreement and Stipulation,* as amended by stipulation, filed herein, subject to

modification by the Court. The Special Masters may communicate *ex parte* with either party as necessary for the performance of their duties but shall not communicate with the Court *ex parte* without disclosing such communications in advance to all parties' counsel. The Special Masters shall maintain ordinary business records of their activities but shall not be required to file such records with the Court. The Special Masters shall, however, file with the Court and serve on all Parties any orders, findings and recommendations regarding the award of attorney fees, costs, class representative enhancements and any other expenses (including, but not limited to, Special Master compensation and claims administration expenses) no later than September 22, 2006. Such orders, findings and recommendations shall be subject to review by the Court to the extent provided by law. The Special Masters shall be compensated at their then-current hourly rate set by JAMS for each individual's services and paid in the manner set forth within the *Settlement Agreement and Stipulation,* as amended by stipulation filed herein. Such compensation shall be subject to review by the Court.

   g. Class Counsel shall file hard copies of the following pleadings in this case with the Clerk of the Court no later than May 31, 2006: the First Amended Complaint, the Settlement Agreement and Stipulation, the Notice of Motion and Memorandum of Points and Authorities in Support of Motion for Preliminary Class Certification and Settlement Approval, the Stipulated Amendment to Settlement Agreement and Stipulation, the Order Granting Preliminary Approval of Settlement, Setting Fairness Hearing and Appointing Special Masters, the Notice of Pendency of Class Action and Proposed Settlement, and the Request for Exclusion Form.

3. A hearing (the "Fairness Hearing") shall be held on October 6, 2006 at 9:00 a.m. in Courtroom 7 of this Court to consider whether the proposed settlement should be given final approval.

   a. *Written Objections* to the proposed settlement by Class Members will be considered at the Fairness Hearing if received in the form and manner provided in the *Settlement Agreement and Stipulation,* as amended by stipulation, filed herein. Any *Written Objection* shall state each specific reason in support of the objection and any legal support for each objection. A *Written*

*Objection* must also state the objecting person's full name, address, date of birth, Social Security number, and the dates of employment at Citibank. To be valid and effective, any *Written Objections* must be filed with the Clerk of the Court by, and served upon each of the parties' attorneys listed in the *Notice of Pendency of Class Action and Proposed Settlement* by U.S. Mail postmarked no later than, August 14, 2006.

    b.  Class Members who file and serve a *Written Objection* may enter an appearance *in propria persona* or through a Class Member's own attorney. Any Class Member who files and serves a *Written Objection*, and who appears through his or her own attorney, will be solely responsible for the fees and costs of the attorney

    c.  In addition to filing a *Written Objection*, Class Members may also elect to appear at the Fairness Hearing by filing a separate *Notice of Intent to Appear at Final Approval Hearing*. To do so, Class Members must file a *Notice of Intent to Appear at Final Approval Hearing* with the Clerk of the United States District Court for the Northern District of California and deliver copies to each of the parties' attorneys listed in the *Notice of Pendency of Class Action and Proposed Settlement*. Such *Notice of Intent to Appear at Final Approval Hearing* must be filed with the Court by, and served upon each of the parties' attorneys listed in the *Notice of Pendency of Class Action and Proposed Settlement* by U.S. Mail postmarked no later than, August 14, 2006. Class Members who file a *Written Objection*, and those who also file a *Notice of Intent to Appear at Final Approval Hearing*, will remain Class Members and, if represented by separate counsel, will be solely responsible for the fees and costs of the separate counsel.

    d.  Counsel shall file any response to *Written Objections* no later than September 22, 2006.

e.  At the Fairness Hearing, Class Members may be heard orally in support of the settlement, or in opposition to the settlement, provided they submitted a claim or timely *Written Objection* and *Notice of Intent to Appear at Final Approval Hearing*.

f.  Class Counsel and counsel for the defendants shall be prepared at the hearing to respond to *Written Objections* filed by Class Members and to provide other information, as appropriate, bearing on whether the settlement should receive final approval

g.  In the event that the proposed settlement is approved, all Class Members who have not properly excluded themselves from the settlement will be deemed to have forever released and discharged the defendants to the extent provided within the *Settlement Agreement and Stipulation,* as amended by stipulation, filed herein.  If the proposed settlement is not approved, this preliminary approval and the *Settlement Agreement and Stipulation,* as amended by stipulation filed herein shall have no further effect whatsoever.

IT IS SO ORDERED.

DATED: __April 21, 2006__                                    _____
                                                             Hon. Maxine M. Chesney
                                                             United States District Judge