RYBICKI & BLEVANS, LLP
Richard C. Rybicki (CSB 160096)
Brandon R. Blevans (CSB 197281)
Patrick B. Sutton (CSB 223186)
50 Old Courthouse Square, Suite 311
Santa Rosa, CA 95404
Telephone: 707.524.7000
Facsimile: 707.546.6800

WEINBERG, HOFFMAN, CASEY & ROPERS
Joseph Hoffman (CSB 114020)
679 Bridgeway
Sausalito, CA 94965
Telephone: 415.289.0243
Facsimile: 415.289.0240

LAW OFFICES OF DAVID M. SIMONINI
David M. Simonini (CSB 64615)
679 Bridgeway
Sausalito, CA 94965
Telephone: 415.289.0242
Facsimile: 415.289.0240

Attorneys for the Preliminary Settlement Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUGRA BAKAN, an individual, and CANG NGUYEN, an individual, each on his own behalf and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br>  vs.<br><br>CITIGROUP, INC., a Delaware Corporation; CITIBANK, F.S.B., a Savings Association, dba CITIBANK CALIFORNIA; CITIBANK (WEST), F.S.B., a Savings Association; CITICORP INVESTMENT SERVICES, a Delaware Corporation; and Does 1 through 50, inclusive,<br>                      Defendants. | CASE NO. C 03-04748 MMC<br><br>**JUDGMENT AND ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE**<br><br>Date: October 6, 2006<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

**JUDGMENT**

This matter was heard on motion for final approval of the settlement set forth in the *Settlement Agreement and Stipulation* and *Stipulated Amendment to Settlement Agreement*. Due and adequate notice having been given to the Class, and the Court having considered the *Agreement and Stipulation*, *Stipulated Amendment to Settlement Agreement*, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing,

IT IS HEREBY, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment, adopts all defined terms as set forth in the *Settlement Agreement and Stipulation*, as amended by the *Stipulated Amendment to Settlement Agreement*, filed herein (the "Stipulated Settlement").

2. The Court has jurisdiction over the subject matter of this litigation, the Class Representatives, the other members of the Settlement Class, and all defendants.

3. The Court finds that the distribution of *Notice of Pendency of Class Action and Proposed Settlement* as provided for in the *Order Granting Preliminary Approval of Settlement, Setting Fairness Hearing and Appointing Special Masters* constituted the best notice practicable under the circumstances to all Class Members and fully met all applicable due process requirements. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the actual notice to the Class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Stipulated Settlement, and each of the releases and terms thereof, as fair, just, reasonable and adequate as to the Settlement Class. The Parties are directed to perform in accordance with the terms set forth in the Stipulated Settlement.

6. Except as to any individual claim of those Opt-Out Plaintiffs (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement Class (who shall be

1  deemed excluded from and not Members of the Settlement Class), all of the Released Claims are
2  dismissed with prejudice as to the Class Representatives and the other members of the Settlement
3  Class. The Parties are to bear their own costs except as otherwise provided by the Stipulated
4  Settlement or the Court.

5        7. Solely for purposes of effectuating this settlement, the Court has certified a class of all
6  Settlement Class Members, as that term is defined in and by the terms of the Stipulated Settlement,
7  and the Court deems this a definition sufficient for purposes of due process and Federal Rules of Civil
8  Procedure, Rule 23.

9        8. With respect to the Settlement Class and for purposes of approving this settlement, the
10 Court finds and concludes that: (a) the Settlement Class Members are ascertainable and so numerous
11 that joinder is impracticable, (b) there are questions of law and fact common to the Settlement Class,
12 and there is a well-defined community of interest among Settlement Class Members, (c) the claims of
13 class representatives Bugra Bakan and Cang Nguyen are typical of the claims of the Settlement Class
14 Members, (d) the class representatives have fairly and adequately protected the interests of the
15 Settlement Class Members, (e) a class action is superior to other methods for an efficient adjudication
16 of this controversy, and (f) counsel of record for the class representatives are qualified to serve as
17 counsel for the Plaintiffs in their individual and their representative capacities and for the Settlement
18 Class.

19       9. By this Judgment, the Plaintiffs and each of the Settlement Class Members shall be
20 deemed to have, and by operation of the Judgment shall have, fully and finally released Defendants,
21 their parent entities, subsidiaries, affiliates, related business entities, and all of their employees,
22 officers, agents, attorneys, stockholders, successors and assigns, and any individual or entity which
23 could be jointly liable with Defendants (the "Released Parties"), from any and all claims, known and
24 unknown, for unpaid overtime wages, meal periods, rest periods, and penalties and interest based on
25 violations of overtime wage, meal and rest break obligations allegedly owed by Defendants for work
26 performed as a Client Financial Analysts from October 29, 1999 through March 31, 2003, under
27 California or other state law or federal statute, ordinance, regulation, common law, or other source of
28 law, whether or not such claims are in the nature of back pay, damages, interest, penalties, attorneys'

fees or injunctive relief, whether in contract, tort, in equity, or pursuant to a statutory remedy, including, but not limited to: (1) any wage, hour or related record keeping claims arising under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; (2) any claims for unfair business practices (including unlawful, deceptive, or unfair business practices prohibited by the California Business and Professions Code § 17200 et seq.) arising out of alleged violations of wage, hour and related record keeping provisions of the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; (3) any other claims relating to overtime wages, meal periods, break periods and penalties based on allegations that Citibank did not comply with all federal and state wage and hour laws, regulations and ordinances, and/or common law, including claims that Citibank improperly classified employees as exempt, failed to provide them with meal or rest periods or failed to keep proper records related to overtime compensation and meal and rest periods (collectively the "Settlement Class Members' Released Claims").

10.     With respect to Settlement Class Members' Released Claims (for work performed as a Client Financial Analyst and arising between October 29, 1999 through March 31, 2003) only, and no other claims, the Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable.  Accordingly, even if the Plaintiffs and/or the Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settlement Class Members' Released Claims, Plaintiffs and each Settlement Class Member shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of Settlement Class Members' Released Claims.  This is true whether Settlement Class Members' Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of California or federal law or

equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

11. Plaintiffs' Attorneys fully and finally release the Released Parties, following payment of the Plaintiffs' Attorneys' Fees and costs pursuant to the Stipulated Settlement and the recommendations and/or orders of the Special Masters regarding attorneys' fees and costs as approved or modified, from any claims they have related to issuance of such payments.

12. Neither the Stipulated Settlement nor any act performed or document executed pursuant to or in furtherance of the Stipulated Settlement shall be considered an admission of liability or wrongdoing by Defendants. No document prepared in connection with the Stipulated Settlement may be admitted in any proceeding as an admission by Plaintiffs, or any person within the Settlement Class. However, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Stipulated Settlement, or in defense of any claims released or barred by the Stipulated Settlement.

13. The Court has reviewed the recommendations and/or orders of the Special Masters regarding attorneys' fees, costs and class representative enhancements, Special Master compensation, and Claims Administrator's compensation. Such recommendations and/or orders are approved. The Court finds that the attorneys' fees, costs and class representative enhancements, Special Master compensation, and Claims Administrator's compensation are fair and reasonable as approved. Defendants are directed to make such payments as are required under the Stipulated Settlement, and the Claims Administrator is directed to make such distributions as are required under the Stipulated Settlement.

14. The Court reserves exclusive and continuing jurisdiction over this action solely for purposes of (i) enforcing the Parties' Stipulated Settlement, (ii) addressing settlement administration matters, and (iii) addressing such post-Class Final Judgment matters as may be appropriate under court rules or applicable law.

//

//

1  |  15. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

Dated: October 6, 2006

                                          Hon. Maxine M. Chesney
                                          United States District Judge